# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THYSSENKRUPP ELEVATOR CORPORATION, | ) ) ) | |
|     Plaintiff/Counterclaim-Defendant, | ) ) | |
| v. | ) ) | No. 4:18-CV-02100-JAR |
| THE HARLAN COMPANY, | ) ) | |
|     Defendant/Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, | ) ) | |
|     Counterclaim-Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: Defendant The Harlan Company's ("Harlan") motion to dismiss Counts I, II, and IV of the Complaint (Doc. No. 13); Harlan's motion to strike Count III of the Complaint (Doc. No. 25); and Plaintiff Thyssenkrupp Elevator Corporation's ("TKE") motion to dismiss Counts I and II of the Counterclaim (Doc. No. 21). The motions are fully briefed and ready for disposition. For the reasons set forth below, all motions will be denied.

### I.   Background

This dispute arises out of a contract between Harlan and TKE, regarding elevator work and services to be performed on six MetroLink stations in the City of St. Louis ("the MetroLink project"). On or about April 11, 2017, Harlan entered into Subcontract SC-2017-16-001

1

("Subcontract") with TKE, and, on July 19, 2017, the parties entered into Amendment No. 1. (Doc. No. 1, Complaint ("Compl.") at ¶8; Doc. No. 1-2, Amendment No. 1).

TKE alleges in its Complaint that under the Subcontract, Harlan was responsible for scheduling and directing the work of its subcontractors, and TKE was responsible for demolishing, furnishing, and installing elevators and using materials that strictly complied with Harlan's drawings and specifications. (Compl. at ¶¶ 12-14). TKE was to receive payments on a monthly basis, subject to Harlan's rights of deduction or set off. (*Id*. at ¶¶ 17-18).

The Subcontract contains provisions for termination of the Subcontract in the event Harlan determined that TKE failed to comply with its obligations. (Subcontract ¶ 19). The Subcontract provides:

> (c) Subcontractor shall be liable to Contractor for all costs and expenses Contractor incurs as a result of any default by Subcontractor, including all costs of labor, supervision, materials, tools, equipment, services, overhead, travel, and legal and accounting fees resulting from such default. . . .

Amendment No. 1 provides:

> This amendment shall be made part of this Agreement. In the event of conflict with other articles, terms, conditions, or contract documents, this Amendment No. 1 shall be final. In no event shall Subcontractor be responsible for consequential, indirect, incidental, exemplary, special or liquidated damages.

(Doc. No. 1-2).

TKE alleges that on July 20, 2018, Harlan circulated Change Order No. 3, citing TKE for $65,625 in back charges due to a 120-day schedule delay. (Compl. at ¶ 20). TKE did not sign the change order. (*Id.* at ¶ 23). Harlan also made a formal claim for damages, identified as "Administration and Supervision" costs related to the schedule delay. (*Id*. at ¶¶ 23-24). On August 30, 2018, Harlan sent a Notice of Contract Termination under Section 19 of the Subcontract, citing TKE's failures to cure previously identified defaults. (*Id*. at ¶¶ 25, 27).

TKE asserts two claims of breach of contract against Harlan. Specifically, TKE contends that Harlan breached the Subcontract and Agreement No. 1 when it failed to schedule, direct, and coordinate the work of TKE's sub-subcontractors, which resulted in the 120-day delay. TKE further claims that it completed or substantially completed performance of its work at certain MetroLink stations and that Harlan's execution of Change Order No. 3 and wrongful decision to terminate the Subcontract constituted breaches of the Subcontract. TKE seeks compensatory damages, lost profits, and attorneys' fees and costs, as well as a declaratory judgment stating that the damages Harlan demanded are consequential damages, which are expressly prohibited by Agreement No. 1. TKE also asserts a claim for quantum meruit, claiming that it is entitled to the reasonable value of the services it performed for Harlan for which Harlan had not yet paid.

Harlan filed a counterclaim asserting breach of contract against TKE. (Doc. No. 16, "Counterclaim"). Specifically, Harlan alleges that TKE failed to timely submit its design and engineering or timely order the materials required to fulfill its obligations under the Subcontract, thus failing to install the elevators in the timely manner required by the Subcontract. (*Id.* at ¶15-17). Harlan claims that it sent several written notices to cure defaults related to deficiencies in TKE's work and commission of multiple material breaches of the Subcontract. (*Id.* at ¶¶ 21-28). Harlan seeks actual damages and a declaratory judgment that the damages suffered by Harlan are actual damages permitted under the Subcontract.

Harlan also named as a defendant Federal Insurance Company and included a demand for surety against it. (*Id.* at ¶¶ 45-50). Harlan contends that Federal Insurance Company is required

to make a payment to Harlan under the terms of the bond, and that Federal Insurance Company wrongfully failed to make such payment.[1]

## II. Arguments of the Parties

On January 17, 2019, Harlan filed its motion to dismiss TKE's breach of contract claims, arguing that: (1) the submission of Change Order No. 3 was not by itself a breach of the Subcontract; (2) Harlan's termination of TKE's services was consistent with the provisions of the Subcontract; (3) Harlan's demand for damages by itself is not a breach of the Subcontract; and (4) TKE failed to plead that it suffered any damages. Harlan also argued that TKE's claim for recovery on a theory of quantum meruit is precluded by the existence of the valid and enforceable subcontract and that TKE failed to sufficiently plead the elements thereof. (Doc. No. 13).

TKE argues in response that Harlan's demand for administrative costs contained in Change Order No. 3 exceeded and violated Amendment No. 1, which specifically prohibits liquidated or consequential damages. (Doc. No. 19). TKE claims that Harlan's own failure to supervise TKE's sub-subcontractors caused the delay, and Harlan's subsequent demand for consequential damages and termination of the Subcontract was improper. TKE further contends that it sufficiently pled damages due to Harlan's breach of contract. Lastly, TKE argues that quantum meruit was sufficiently pled in the alternative. In reply, Harlan denies TKE's interpretation of the Subcontract that assigned to Harlan the responsibility of overseeing sub-subcontractors. (Doc. No. 20).

On February 7, 2019, TKE filed its motion to dismiss Harlan's counterclaim on the basis that Harlan was seeking consequential damages expressly prohibited by Amendment No. 1.

---

[1] Harlan also asserted a count for declaratory judgment, which it subsequently dismissed without prejudice. (Doc. No. 24).

(Doc. No. 21). Harlan in its opposition argues that the Counterclaim expressly states that Harlan is seeking actual damages and a bare assertion that the damages sought are consequential damages is insufficient to prevail on a motion to dismiss. (Doc. No. 23). Instead, Harlan contends that it should be given the opportunity to conduct discovery and prove the damages pled. In reply, TKE maintains that Amendment No. 1 amended Section 19 of the Subcontract by excluding certain damages for which TKE could be liable to Harlan. (Doc. No. 28). Specifically, TKE argues that the labor, supervision, overhead, travel, and legal and accounting fees permitted under Section 19 of the Subcontract are consequential damages, and thus prohibited by Amendment No. 1, which supersedes the Subcontract in the event of a conflict.

### III. Discussion

#### a. Motions to Dismiss

In ruling on a motion to dismiss, the Court assumes all facts alleged in the complaint are true, and liberally construes the complaint in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Thus, a motion to dismiss is likely granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Guarantee Elec. Const. Co. v. LVC Techs., Inc.*, No. 4:05CV8949 JCH, 2006 WL 950204, at *1 (E.D. Mo. Apr.

10, 2006) (citing *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citations omitted).

In considering Rule 12(b) motions, courts may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings whose authenticity is undisputed, as well as matters of public record.[2] *Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013).

Breach of Contract Claims

"Where, as here, the claims relate to a written contract that is part of the record in the case, [the Court] consider[s] the language of the contract when reviewing the sufficiency of the complaint." *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010). If the complaint's breach of contract claim conflicts with the plain language of the contract, the contractual language controls. *Neubauer v. FedEx Corp.*, 849 F.3d 400, 405 (8th Cir. 2017).

TKE alleges in Count I of the Complaint that Harlan's decision to proceed with Change Order No. 3, termination of the Subcontract, and demand for administrative costs constituted breaches of the Subcontract, resulting in lost future profits. In essence, TKE's claims rest on its belief that Harlan was demanding consequential damages prohibited by Agreement No. 1, thereby resulting in a wrongful termination of the contract. Harlan's counterclaim for breach of contract against TKE, on the other hand, rests on Harlan's contention that it sought from TKE actual damages permitted by the Subcontract and Agreement No. 1. Thus, the issue in this case turns upon the nature of the damages sought by Harlan.

---

[2] Both parties attached various documents to their pleadings, including the Subcontract, Agreement No. 1, Harlan's notices of default, and Harlan's notice of termination. Neither party has objected to any submissions.

Harlan also challenges Count II of the Complaint, which alleges that Harlan breached the Subcontract/Amendment No. 1 by failing to schedule, direct, and coordinate the work of TKE's sub-subcontractors so that TKE had sufficient time to inspect the material to ensure compliance with Harlan's specifications. TKE also asserts substantial performance of its duties under the contract, citing the installation of elevators at two MetroLink locations.

Upon careful review of the Complaint, Counterclaim, and exhibits attached, the Court cannot, at the motion to dismiss stage, determine whether, as a matter of law, the amounts sought by Harlan were consequential damages prohibited by Agreement No. 1. The inquiry may be more appropriate on a motion for summary judgment after development of the record. Moreover, TKE's allegations regarding Harlan's duty to oversee sub-subcontractors are sufficient to defeat a motion to dismiss, and the contract contains no express provisions directly addressing the issue. The Court also concludes that, accepting the allegations of the complaint and counterclaim as true, the relief sought by the parties in their respective pleadings are sufficient to state a claim. Accordingly, Harlan's motion to dismiss Counts I and II of TKE's Complaint will be denied, and TKE's motion to dismiss Harlan's breach of contract Counterclaim will be denied.

Quantum Meruit Claim

Quantum meruit is "based on a promise implied by the law that a person will pay a reasonable and just compensation for valuable services or materials provided at the person's request or with his approval." *Chase Elec. Co. v. Acme Battery Mfg. Co.*, 798 S.W.2d 204, 209 (Mo. Ct. App. 1990). If a contractor fully or substantially performs a contract, "he may elect to sue either on the contract or in quantum meruit." *Id.* "Because a party may set forth two or more claims alternatively when it does not know upon what precise theory the evidence may entitle

7

recovery, it is settled law that joining a count based on an expressed contract with a count based on quantum meruit does not create an inconsistency." *Guarantee Elec. Const. Co.*, 2006 WL 950204, at *2 (citing Fed. R. Civ. P. 8(e)(2)) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. . . . A party may also state as many separate claims or defenses as the party has regardless of consistency."). The result is the same under the rules of Missouri pleadings. *Missouri ex rel W.F. Scott v. Sanders*, 560 S.W.2d 899, 901-902 (Mo. Ct. App. 1978) ("Under [Rule 55.10] an express contract and an implied contract may be pleaded in the alternative without the pleading being struck for insufficiency.").

The essential elements for recovery in quantum meruit are: (1) a benefit conferred upon defendant by plaintiff; (2) appreciation by defendant of the fact of such benefit; (3) acceptance and retention by defendant without payment. *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 264 (Mo. Ct. App. 1984).

Here, TKE alleges that it rendered services related to the MetroLink project for which Harlan has not yet paid. Reading the allegations in light of TKE's claims in their entirety, TKE has stated a sufficient claim for recovery under the theory of quantum meruit.

    **b. Motion to Strike**

TKE includes in its complaint a count for declaratory judgment that the type of damages demanded by Harlan are consequential damages and prohibited under the Subcontract and Amendment No. 1. Harlan asks the Court to strike TKE's request for declaratory judgment because the resolution of Harlan's counterclaim will render any ruling on TKE's claim for declaratory judgment superfluous and redundant. TKE argues in opposition that its count for declaratory judgment is not redundant because it addresses the central issue in this case: whether

the types of damages sought by Harlan are prohibited under the Subcontract and Amendment No. 1.

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are not favored and are infrequently granted because they propose a drastic remedy. *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. *Id*. "[A]llegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Kay v. Sunbeam Prods., Inc.*, No. 2:09-cv-4065-NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009).

"Where a party's declaratory judgment claim is purely duplicative of its breach of contract claim, the declaratory judgment claim may be properly dismissed." *HHCS Pharmacy, Inc. v. Express Scripts, Inc.*, No. 4:16-CV-1169 (CEJ), 2016 WL 7324968, at *5 (E.D. Mo. Dec. 16, 2016) (citation omitted). "However, the mere fact that claims for declaratory judgment and breach of contract are closely related—even where the declaratory judgment claim 'encompasses' the breach of contract claim—does not require dismissing the declaratory judgment claim." *Id*. (citing *Marty H. Segelbaum, Inc. v. MW Capital, LLC*, 673 F. Supp. 2d 875, 882 (D. Minn. 2009)) ("While plaintiff's claim for a declaratory judgment encompasses its breach of contract claim, the declaratory judgment's scope is broader; were the Court to issue one, it might well delineate all three parties' rights and obligations, as well as resolve plaintiff's breach of contract claim. This goes well beyond any pure contract remedy.").

Here, TKE's claims for declaratory judgment and breach of contract are closely related, but the declaratory judgment claim seeks the additional relief of determining the rights of the

9

parties related to damages under the Subcontract and Amendment No. 1. Accordingly, Harlan's motion to strike Count III will be denied.

**IV.    Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Harlan Company's motion to dismiss Counts I, II, and IV of the Complaint (Doc. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant The Harlan Company's motion to strike Count III of the Complaint (Doc. No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Thyssenkrupp Elevator Corporation's motion to dismiss Counts I and II of the Counterclaim (Doc. No. 21) is **DENIED**.

Dated this 18th day of April, 2019.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**